**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEFFREY WEAVER,

        Petitioner,                        Case Number: 2:09-CV-10018

v.                                                HONORABLE AVERN COHN

NICK LUDWICK,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jeffrey Weaver (Petitioner) is a state prisoner who has filed the instant petition challenging his conviction for first-degree criminal sexual conduct. For the reasons which follow, the petition will be summarily dismissed because it fails to state a claim upon which habeas relief may be granted.

II.

Petitioner pleaded guilty in Bay County Circuit Court to first-degree criminal sexual conduct. On September 8, 1997, he was sentenced to 8 to 30 years' imprisonment.

Petitioner states that he did not file a direct appeal of his conviction. Instead, in 2002, he filed a motion for relief from judgment in the trial court challenging his conviction on the basis of a jurisdictional defect. Sometime in January 2003, the trial

court denied the motion. He does not appear to have appealed that decision.

On November 13, 2008, Petitioner filed another motion for relief from judgment in the trial court, arguing that the statute pursuant to which he was convicted violates the Michigan Constitution. According to Petitioner, that motion was denied on November 25, 2008. Petitioner did not attempt to appeal that decision.

Petitioner has now filed the instant petition, raising a single claim for relief:

> Statute that I was convicted with does not have an enactment clause as required by the Michigan Constitution.

### III.

### A.

Upon the filing of a habeas petition, a district court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the district court determines that the petitioner is not entitled to relief, the district court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

### B.

As an initial matter, it appears that Petitioner's claim has not been properly exhausted in state court. A petitioner must exhaust his state court remedies prior to seeking federal habeas relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. §§ 2254(b)(1)(A) & 2254(c)). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the

state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. See Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner did not do so. However, because Petitioner has already has filed two motions for relief from judgment in state court, he likely has no avenue for exhaustion remaining in state court, the Court will address Petitioner's claim in the interests of efficiency and justice. See 28 U.S.C. § 2254(b)(2).

As to the merits of his claim, Petitioner argues that the statute under which he was convicted is invalid because it does not have an enactment clause as required by the Michigan Constitution. This fails to state a cognizable federal habeas claim. In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner's claim is clearly based on an perceived violation of state law, i.e. the Michigan Constitution. As such, it does not state a viable federal habeas claim.

IV.

For the reasons stated above, it plainly appears from the petition that Petitioner is not entitled to habeas relief.  Accordingly, the petition is DISMISSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  January 16, 2009

I hereby certify that a copy of the foregoing document was mailed to Jeffrey Weaver, 258996, Mid-Michigan Correctional Facility, 8201 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, January 16, 2009, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160